E-FILED
Tuesday, 15 March, 2011 12:37:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RODNELL DENNIS,
    Plaintiff,

vs.                                                           10-1430

LEE HACKETT, et.al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 against one Defendant: Lieutenant Lee Hackett. The Plaintiff alleges that Defendant Hackett used excessive force against the Plaintiff in violation of the Eighth Amendment. Specifically, the Plaintiff says on May 20, 2010, Lieutenant Hackett said he would "slap the black off" of the Plaintiff. (Comp, p. 4). The Defendant then reached out and slapped the Plaintiff across the right side of his face. Another officer asked the Plaintiff if he was okay and said he would report the incident. The Plaintiff does not claim he suffered any physical injury.

    The next morning the Plaintiff was interviewed by an investigator, and was then transferred to another facility. The Plaintiff is now asking for financial compensation, and to have all good time credits restored "especially the one year I lost for an alleged staff assault charge brought against me back on September 27, 2001." (Comp, p. 6). This nine year old incident is clearly not related to the claim in the Plaintiff's complaint.

    The court first notes that it appears the Plaintiff has failed to exhaust his administrative remedies for his excessive force claim. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

    The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural

1

rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002). For instance, the Illinois Department of Corrections requires that an inmate file a grievance form with the Grievance Officer within 60 days of the alleged incident. 20 Ill. Admin. Code § 504.810(a). The Plaintiff has attached two grievances to his complaint which pertain to his excessive force claim. The first is dated September 29, 2010 and the second is dated October 22, 2010 (Comp, p. 9, 12). The Administrative Review Board refused to consider the untimely grievances since both were filed several months after the alleged May 20, 2010 incident.

Failure to exhaust is an affirmative defense. *See Jones v Bock,* 549 U.S. 199 (2007). However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

Even if the Plaintiff could somehow demonstrate that he did exhaust his administrative remedies, the conduct alleged, while deplorable, does not rise to the level of a constitutional violation. The Eighth Amendment embodies the concept of proportionality. *Harmelin v Michigan*, 501 U.S. 957 (1991). Punishment imposed for no offense at all is clearly disproportionate. However, before this proportionality principle can even be considered, the deprivation itself must be "objectively, sufficiently serious" in order to rise to the level of an Eighth Amendment violation. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Leslie v Doyle,* 125 F.3d 1132, (7th Cir. 1997). In this case, a single slap to the Plaintiff's face causing no injury does not meet this standard. *See Hill v. Vannatta*, 2005 WL 332453 (7th Cir. Feb 3, 2005)(district court found that a slap causing just redness and swelling was *de minimis* and thus insufficient to state a claim for excessive force under the Eighth Amendment); *Santiago v. Campisi*, 91 F.Supp.2d 665, 668 (S.D.N.Y.2000) (Unprovoked slap on jaw was *de minimis* and not sufficiently repugnant to the conscience of mankind to constitute excessive use of force for Constitutional purposes); *Brown v. Croce*, 967 F.Supp. 101, 104 (S.D.N.Y.1997)( slapping an inmate twice amounted to nothing more than a *de minimis* use of force by a prison official); *Romaine v Rawson,* 140 F.Supp.2d 204, 212 (N.D. N.Y. 2001)(three slaps were *de minimus*); *Stacks v. Sheahan,* 1991 WL 233961 (N.D. Ill. Sept. 15, 1992)(single punch to inmate's stomach *de minimus*); *Brown v Vaughn,* 1992 WL 82310 at 2(E.D. Pa. Apr. 14, 1992) (single incident of punching, pushing and spitting on inmate was not "repugnant to the conscience of mankind.")

**IT IS THEREFORE ORDERED:**

1) **The Plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997e(a). All pending motions are denied as moot [d/e 3, mot. counsel], and this case is closed, with the parties to bear their own costs.**

2) **The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust**

2

fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

3) The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

4) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 15th day of March, 2011.

s/Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE